**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FORD MOISE, ANTHONY BURKE,**
**ANTHONY COOPER,**

              **Plaintiffs,**

**-vs-**                                        **Case No. 6:04-cv-1782-Orl-28DAB**

**A ROYAL IMAGE CLEAN TEAM, INC.,**
**RHONDA JACKSON,**

              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 12)**
>
> **FILED:** April 18, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      Plaintiffs brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act and Chapter 448, Fla. Stat. Following service of process, neither Defendant appeared, and the Clerk entered a default on January 5, 2005 (Doc. Nos. 7-10). A lack of record activity led the District Court to issue an Order to Show Cause why the action should not be dismissed for failure to prosecute, and Plaintiff responded (Doc. Nos. 11 and 13), and filed the instant motion. The motion

includes Affidavits from the three Plaintiffs, as well as counsel. This Court finds the Affidavits to be fatally deficient, and thus, recommends denial of the motion, without prejudice to counsel's refiling, upon correction of the deficiencies.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, counsel offers the Affidavits of Plaintiffs as evidence of the hours worked, and the amounts due and unpaid. Unfortunately, the Court finds the Affidavits to be incredible, inconsistent, or otherwise insufficient to support a judgment.

According to the Affidavit of Plaintiff Ford Moise, Moise worked for Defendants as a janitorial worker "from July 15, 2004 through August 20, 2004." Moise claims that he was not paid for any of the hours he worked, and is owed wages as follows:

> Non-payment: 367 hours from 7/15/2004 to 8/20/2004 at $12.00 per hour = $4,404.00
> Overtime: 44 hours per week overtime at $18.00 per hour for 5 weeks = $3,960.00
> I am owed unpaid wages in the amount of $4,404.00 plus $3,960.00 in unpaid overtime wages, plus $3,960.00 in liquidated damages.

Thus, according to this Affidavit, over a 36 day period of time, this Plaintiff worked a total of 587 hours. That works out to over 16 hours a day, *every day*, 7 days a week for 36 full days. If one

factors in just one day off a week, that means the Plaintiff worked for roughly 19 hours a day. While the Court has no reason to doubt that Plaintiff is a hard worker, absent any explanation or clarification, and in light of the much more modest hours described in the Affidavits of the other Plaintiffs discussed below, the Court finds it doubtful that anyone would work that hard for that long, for no pay. It is possible that Plaintiff meant to aver that he worked a *total* of 367 hours, which, by itself, must have included overtime hours. Absent any evidence on that point, however, the Court cannot alter the Affidavit to fit the Court's assumption.

As for Plaintiff Anthony O'Brien Burke, according to his Affidavit, he was employed "from December 26, 2003 through January 22, 2004," also as a janitorial worker. He avers that he was to be paid $8.00 per hour and that he worked 180.5 hours. No overtime hours are set forth in his Affidavit, although the Complaint alleges that he worked overtime hours for "numerous weeks." Thus, if one excludes weekend days and New Years Day, this Plaintiff worked slightly over 9 hours a working day. Oddly, Plaintiff states that he was to be paid $8.00 per hour, but the motion appears to seek only $5.15 per hour, the minimum wage. There is no explanation as to why Plaintiff Moise is allegedly entitled to wages at $12 per hour, but Burke is entitled to minimum wage only. While this is not enough to deny judgment to Burke for minimum wage, the inconsistencies give the Court pause as to why Moise should be treated differently.

The remaining Affidavit is equally troubling. The Affidavit of Plaintiff Anthony Cooper is unsigned and it appears to be missing a page. As such, it is not in proper evidentiary form. Moreover, according to the Complaint, Cooper worked "numerous weeks" of overtime; yet the Affidavit indicates that he worked a total of only 32 hours over the course of just one week. Cooper, like

Burke, asserts that he was to be paid $8.00 per hour, but the motion appears to seek only minimum wages and liquidated damages in like amount.

Generally, the entry of default judgment is committed to the sound discretion of the district judge. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Hamm v. DeKalb County,* 774 F.2d 1567, 1576 (11th Cir. 1985); C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2685 (1983). Here, the inconsistencies between the pleading and the proof, and the inconsistencies amongst the three Affidavits regarding hours worked and hourly wages allegedly due do not support a finding that Plaintiffs have carried their burden of proof sufficient to warrant a judgment. It is **respectfully recommended** that the motion be **denied, with leave to refile** upon a more detailed showing and explanation regarding the deficiencies addressed above. In the absence of a timely filed corrective motion, the case should be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy