**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FORD MOISE, ANTHONY BURKE,
ANTHONY COOPER,**

          **Plaintiffs,**

**-vs-**                                      **Case No. 6:04-cv-1782-Orl-28DAB**

**A ROYAL IMAGE CLEAN TEAM, INC.,
RHONDA JACKSON,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 16)**
>
> **FILED:**     **June 1, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

As set forth in a prior Report and Recommendation, Plaintiffs brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act and Chapter 448, Fla. Stat. Following service of process, neither Defendant appeared, and the Clerk entered a default on January 5, 2005 (Doc. Nos. 7-10). A lack of record activity led the Court to issue an Order to Show Cause why the action should not be dismissed for failure to prosecute, and Plaintiffs responded (Doc. Nos.

11 and 13) and filed their first motion for entry of default judgment (Doc. No. 12). The motion was denied, without prejudice. Two of the three Plaintiffs now renew the motion.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

The motion does not seek any relief on the part of Plaintiff Anthony Cooper. In light of the Court's prior Order to Show Cause for failure to prosecute, the passage of the June 1 deadline specified by the District Court for filing a corrected motion for entry of default judgment (*see* Doc. No. 15), and the lack of an adequate explanation as to why Mr. Cooper has refused to tender his proof[1], this Court **recommends** that Plaintiff Cooper's claim be **dismissed** for failure to prosecute.

With respect to the remaining Plaintiffs, Plaintiff Burke avers that he worked 153.5 hours at a rate of $8 per hour, and 27 hours in overtime, for a total of $1,552.00 in unpaid wages. Burke also seeks liquidated damages in the amount of $1,552.00 for a total award of $3,104.00. Plaintiff Moise avers that he worked from July 15, 2004 through August 20, 2004, and calculates his rate as 31 hours at $12 per hour, and then a "flat rate" of $2,400 per month for the period of July 22 through August

---

[1]The motion says only that Mr. Cooper "has not executed an Affidavit." The prior Report noted that the Affidavit of Plaintiff Cooper was unsigned and thus, not acceptable.

20.   This works out to $2,772.00, plus liquidated damages in the same amount, for a total of $5,544.00. Counsel seeks an award of $1,925.00 in attorney's fees and $200 in costs, referencing an Affidavit that was not filed in conjunction with this motion.[2]

As a default admits the well-plead allegations, Defendants have admitted that they willfully failed to pay wages and overtime pay to Plaintiffs Burke and Moise. In Affidavits summarized above, these Plaintiffs established the hours they worked, the rate they were to be paid, and the fact that they were, indeed, not paid. Thus, these Plaintiffs have established their entitlement to an award of damages and liquidated damages, pursuant to the Fair Labor Standards Act (29 U.S.C.A.§ 201, *et seq.*, herein "the FLSA") and comparable state law, in the amounts set forth above.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As such, counsel is entitled to an award of reasonable fees, and costs of the action. As set forth in his prior Affidavit, counsel seeks $1,925.00 for 7.7 hours of work (itemized in the Affidavit) at the rate of $250 per hour; and costs (filing fee and service fees) of $200. While the Court has not been impressed with counsel's performance in this case, as is clear from the numerous deficiencies in his papers noted in

---

[2] The Court assumes counsel is referencing his Affidavit filed as part of the initial motion for default judgment. While better practice would be to have included the Affidavit as part of this motion, or at least by clear reference to the Docket number of the Affidavit, the Court will consider it on the merits.

the prior Report, as well as the Order to Show Cause, it appears to the Court that the claimed rate and fee are reasonable for a multi-plaintiff case brought in federal court.

It is therefore **respectfully recommended** that the motion be **granted,** as follows: Judgment be entered in favor of Plaintiff Burke in the amount of $3,104.00, in favor of Plaintiff Moise in the amount of $5,544.00, and that Plaintiffs Moise and Burke be awarded attorney's fees in the amount of $1,925.00.  Costs should be taxed by the Clerk in due course, following entry of judgment and completion of the Bill of Costs, as set forth in Rule 54(d)(1), Federal Rules of Civil Procedure.  It is further **respectfully recommended** that Plaintiff Cooper's claim be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 3, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy